UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SYDNE L. HUDSON,            )
                            )
            Plaintiff,      )
                            )
      v.                    )   No. 4:05CV1096 FRB
                            )
KELLY SERVICES,             )
                            )
            Defendant.      )

**ORDER**

Presently pending before the Court is plaintiff's Motion for Appointment of Counsel (filed July 14, 2005/Docket No. 4). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 623, et seq., after being granted leave to proceed in forma pauperis. Plaintiff seeks the appointment of counsel to assist her with her claims. In deciding whether to appoint counsel for an indigent plaintiff, the Court should consider relevant factors, including the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present her claim, and the complexity of the legal issues. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998); Edgington v. Missouri Dep't of Corrections, 52 F.3d 777, 780 (8th Cir. 1995); Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991)

(citing Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986)).

The facts of this case are not complex. Plaintiff alleges that defendant Kelly Services unlawfully discriminated against her in her employment on account of her race and age by removing plaintiff from her employment position and placing a non-protected employee in such position. Plaintiff contends that she was receiving training for permanent placement in this employment position at the time she was replaced. A reading of plaintiff's Complaint shows plaintiff to be able to investigate crucial facts. Plaintiff has identified the circumstances giving rise to her claim and has provided sufficient detail to state a cause of action. As to whether conflicting testimony exists in this case, the undersigned notes that plaintiff's Complaint has only recently been filed and the case is in its preliminary stage. Defendant answered plaintiff's Complaint in August 2005, and the time for filing motions for summary judgment has not yet passed. Therefore, evidence relating to plaintiff's claim has not yet been developed before the Court for consideration. If and when any such motions are filed, the determination of whether conflicting testimony exists in this case will be evident upon their ruling. Because the factual nature of this case is not complex and plaintiff has provided the Court with details giving rise to her claim, the undersigned finds at this time that plaintiff is able to present her claim to the Court.

Finally, the complexity of the legal issues does not merit an appointment of counsel at this time. Plaintiff brings Title VII and ADEA claims that defendant unlawfully discriminated against her in her employment on account of sex and age. These claims do not involve overly complex issues of law.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Appointment of Counsel (Docket No. 4) is denied without prejudice.

_Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE

Dated this _30th_ day of September, 2005.